UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL WILLIFORD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BMW OF NORTH AMERICA, LLC.<br><br>　　　　Defendant. | Case No. 1:22-cv-01316-CDB<br><br>ORDER REQUIRING THE PARTIES TO PAY SANCTIONS OF $100 PER DAY<br><br>(Doc. 22) |

On October 14, 2022, Plaintiff Marisol Williford ("Plaintiff") initiated this action against Defendant BMW of North America, LLC ("Defendant") (hereinafter collectively "the parties"). On February 21, 2023, the Court issued a scheduling order setting a mid-discovery status conference for July 10, 2023. (Doc. 19 at 2-3). Counsel for the parties were ordered to file a joint mid-discovery status conference report no later than one week before the conference (*id.*) but failed to comply with the Court's direction. (Doc. 22). Accordingly, on July 5, 2023, the Court ordered the parties "to immediately review the scheduling order, meet and confer and file the joint report consistent with the scheduling order's directions. (*Id.*). The Court further admonished the parties: "Failure to comply with this order may result in the imposition of sanctions." (*Id.*). As of the date of this Order, the parties still have failed to file the required joint report, any alternative report that explains their deficiency, or a request for continuance.

The Federal Rules of Civil Procedure provide that the underlying purpose of the rules is to

secure the just, speedy and inexpensive determination" of an action. Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 37(b). Relevant here, Rule 16(f) authorizes the Court to issue any just order if a party or attorney fails to obey a scheduling or other pretrial order.

The Court also possesses inherent authority to impose sanctions to manage its own affairs so as to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In order to coerce a party to comply with the Court's orders, the Court may issue daily sanctions until compliance is obtained. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do.").

Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. Further, "[i]n the event any attorney subject to these Rules engages in conduct that may warrant discipline or other sanctions, any Judge or Magistrate Judge may initiate proceedings for contempt under 18 U.S.C. § 401 or Fed. R. Crim. P. 42, or may, after reasonable notice and opportunity to show cause to the contrary, take any other appropriate disciplinary action against the attorney." E.D. Cal. L.R. 184(a). "In addition to or in lieu of the foregoing, the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice." *Id*.

Here, the parties repeatedly have failed to comply with the Court's orders. *See* Docs. 19, 22. The parties were admonished in the Scheduling Order which they have violated as set forth above that failure to comply with that order's provisions could result in the imposition of sanctions. (Doc. 19 at 7). The Court recently reiterated this same admonition when it directed the parties to

1  cure their deficiency in timely filing the mid-discovery status conference joint report.  (Doc. 22).
2  Accordingly, the Court finds that monetary sanctions are appropriate to compel the parties to
3  comply with this Court's orders.  Therefore, to gain the parties' compliance, a $100.00 sanction
4  shall be imposed on the parties commencing on the date of this order and shall continue to be
5  imposed each day thereafter until the parties file a mid-discovery status conference joint report.
6  The parties' filing of the required report on the date of this order will not relieve the parties of the
7  sanction imposed commencing on this date.  Further, the daily deadline shall expire at the close of
8  business each day at 5:00 pm.

9  Based on the foregoing, IT IS HEREBY ORDERED, the parties each shall pay the Clerk
10 of the Court $100 per day, beginning on the date of this order, until the mid-discovery status
11 conference joint report is filed.

12 IT IS FURTHER ORDERED, that the mid-discovery status conference set for July 10,
13 2023, is HEREBY VACATED, to be reset as necessary once the parties have complied with this
14 Order.

IT IS SO ORDERED.

Dated:   **July 7, 2023**

UNITED STATES MAGISTRATE JUDGE