UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARISOL WILLIFORD, <br><br> Plaintiff, <br><br> v. <br><br> BMW OF NORTH AMERICA, LLC. <br><br> Defendant. | Case No. 1:22-cv-01316-CDB <br><br> ORDER DENYING DEFENDANT'S *EX PARTE* APPLICATION TO CONTINUE DISCOVERY AND TRIAL DATES <br><br> (Doc. 30) |

On October 14, 2022, Plaintiff Marisol Williford ("Plaintiff") initiated this action against Defendant BMW of North America, LLC ("Defendant"). (Doc. 1). On February 21, 2023, the Court issued a scheduling order setting a mid-discovery status conference for July 10, 2023. (Doc. 19 at 2-3). That order required the parties to file a joint mid-discovery status conference report no later than one week before the conference in which the parties were to identify, among other things, "any impediments to completing discovery within the deadlines." *Id.* at 2.

On July 11, 2023, the parties filed an untimely joint mid-discovery status conference report. (Doc. 26).[1] Among other things, the parties represented they "do not anticipate any issues about

---

[1] On July 5, 2023, the Court docketed an order advising the parties they had failed to comply with the Court's scheduling order to file a joint mid-discovery status report no later than one week before the conference. (Doc. 22). The Court ordered the parties to immediately review the scheduling order, meet and confer and file the joint report consistent with the scheduling order's directions. After the parties failed to immediately comply, on July 7, 2023, the Court issued an order requiring the parties to pay sanctions for their failures to comply with the Court's

disclosure [or] discovery" (*id*. at 4) and neither party identified any impediments to timely completing discovery.

On November 27, 2023 – more than two months after nonexpert discovery was closed and five days after the period for taking expert discovery expired – Defendant filed the pending *ex parte* application to continue the trial date (and, implicitly, reopen discovery) "to allow time for parties to prepare for trial and complete discovery." (Doc. 30; *see id.* at 2). The application noted "BMW NA gave Plaintiff notice of this Application by way of email to Plaintiff's counsel on November 15, 2023 at 4:48 p.m. (Song Decl. ¶10)." *Id*. at 3. Although the application refers throughout to a supporting declaration of Catherine Y. Song, no declaration was filed.

Setting aside Plaintiff's apparently inadvertent neglect in failing to file the supporting declaration, Plaintiff's application for *ex parte* relief is deficient for other reasons. First, discovery is closed and a belated request to continue case management dates already expired violates the scheduling order, which provides: "No motion to amend or stipulation to amend the case schedule will be entertained unless it is filed at least one week before the first deadline the parties wish to extend." (Doc. 19 at 3).

Second, as Defendant's application seeks relief from expired discovery deadlines and implicates reopening discovery, Defendant was required to confer with Plaintiff in a good faith effort to resolve their differences that are the subject of Defendant's *ex parte* application. *See* Local Rule 251(b). Defendant's representation that it merely notified Plaintiff of the application before its filing falls short of demonstrating good faith efforts to resolve any differences.

Finally, once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co*., 795 F.2d 15, 18 (3rd Cir. 1986). A scheduling order is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610.

---

orders. (Doc. 23).

Here, Defendant argues good cause exists to continue some or all case management dates (including expired dates) "as BMW NA was left in limbo and was unable to proceed with litigation" because Plaintiff had filed a second lawsuit involving the same parties, facts and causes of action in the Los Angeles County Superior Court on July 5, 2023.  (Doc. 30 at 4, 6).[2]  The Court has no further information before it to understand how Plaintiff's filing of a reportedly duplicative suit in state court prompted the parties (or, at least, Defendant) apparently to terminate discovery efforts in this first-filed action.  Under these circumstances, the Court cannot fathom any reason why Defendant delayed until after discovery was closed to raise this issue for the first time with the Court and seek relief.  Notably, Defendant could have raised this issue in its untimely joint mid-discovery status conference report – or at any other time during the months that followed – but, for some unknown reason, did not.  If Defendant unilaterally halted discovery with some expectation that the Court *ex post* would permit the parties to start anew once the state court litigation was resolved – that was a tactical choice and constitutes neither good cause nor excusable neglect, let alone extraordinary circumstances warranting the type of *ex parte* relief requested by Defendant here.

For the forgoing reasons, Defendant's *ex parte* application (Doc. 30) is DENIED.

IT IS SO ORDERED.

Dated:   **November 30, 2023**          _____
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Defendant notes the suit in Los Angeles County Superior Court was dismissed with prejudice on September 19, 2023.  (Doc. 30 at 4).