CLARK HILL LLP
BRIAN M. HOM (SBN 240055)
bhom@clarkhill.com
GEORGES A. HADDAD (SBN 241785)
GHaddad@ClarkHill.com
BRIAN WAGNER (SBN 302516)
bwagner@clarkhill.com
VANESSA DAO (SBN 328178)
vdao@clarkhill.com
CATHERINE Y. SONG (SBN 338428)
csong@clarkhill.com
CHRISTOPHER D. HIGASHI (SBN 168667)
chigashi@ClarkHill.com
555 South Flower Street, 24th Floor
Los Angeles, CA 90071
Telephone:   (213) 891-9100
Facsimile:   (213) 488-1178

Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARISOL WILLIFORD, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company,<br><br>Defendant. | Case No. 1:22-cv-01316-CDB<br><br>Assigned to the Honorable Christopher D. Baker, Magistrate Judge<br>Ctrm: 200<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT BMW OF NORTH AMERICA, LLC FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES [F.R.C.P. 12(C)]**<br><br>**[DECLARATION OF JIM LEYENDECKER IN SUPPORT THEREOF; [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH]**<br><br>Date:     December 22, 2023<br>Time:    10:30 a.m.<br>Ctrm:    200<br><br>Complaint Filed:   October 14, 2022<br>Trial Date:           June 17, 2024 |

i

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 22, 2023 at 10:30 a.m. or as soon as the matter may be heard in the courtroom of the Honorable Christopher D. Baker, located at 510 19th Street, Suite 200, Bakersfield, California 93301, Defendant BMW of North America, LLC ("BMW NA") will move this Court pursuant to Rule 12(c) of the Federal Rules of Civil Procedure for judgment on the pleadings dismissing all of the Song-Beverly Act Claims (causes of action one through three) brought by Plaintiff Marisol Williford ("Plaintiff") and to obtain any other relief that the Court deems just and proper (the "Motion").

BMW NA hereby files this Motion on grounds that Plaintiff's first through third causes of action are claims for violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act" or the "Act") that relate to her purchase of a **used** 2018 BMW 440i Gran Coupe, VIN WBA4J5C52JBF07300 (the "Subject Vehicle") and the Song-Beverly Act only applies to purchasers of a "new motor vehicle". Plaintiff purchased the **used** Subject Vehicle from BMW of Bakersfield on April 11, 2019. The Motor Vehicle Retail Installment Contract – California, ¶2 titled "Vehicle" establishes that at the time of sale the odometer read 4,880 miles and the box for "Used" is checked and the box for "New" is unchecked.

The Song-Beverly Act does not impose obligations on, or create remedies against, the vehicles manufacturer or distributor, here BMW NA. In *Rodriguez v. FCA US, LLC*, 77 Cal. App. 5th 209 (2022)[1], the California Court of Appeal was confronted with the question of whether the phrase "other motor vehicle sold with a manufacturer's new car warranty" in Song-Beverly's definition of "new motor vehicle" covers sales of previously owned vehicles with some balance remaining on the manufacturer's express warranty. The Court said, "[w]e conclude **it does not** and

---

[1] *Rodriguez* is being reviewed by the California Supreme Court, but the Court declined to de-publish and noted that the case can still be cited for its persuasive value as discussed below.

that the phrase functions instead as a **catchall for sales of essentially new vehicles** where the applicable warranty was **issued with the sale**." *Id*. at 215. (emphasis added).  The Complaint does not allege that the "used" vehicle purchased by Plaintiff was "essentially new" nor does it allege that the applicable warranty was "issued" with the sale.  This is fatal to Plaintiff's Song-Beverly Act claims.  The rights created under the Song-Beverly Act are only for purchasers of "new motor vehicles" which are defined as brand new vehicles with full new warranties in connection with the sale.  Therefore, Plaintiff's causes of action for Breach of Express Warranty, Breach of Implied Warranty and Violation of Section 1793.2 of the Song-Beverly Act fails as a matter of law and should be dismissed.

This Motion is based upon the Memorandum of Points and Authorities, the Declaration of Jim Leyendecker, the pleadings filed in this action and any oral argument that may be permitted at the hearing on this Motion.

Dated:  November 30, 2023                                    CLARK HILL LLP

By: _____
Brian M. Hom
Georges A. Haddad
Brian Wagner
Vanesa Dao
Catherine Y. Song
Christopher D. Higashi
Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I. INTRODUCTION ................................................................................................ 1

II. STATEMENT OF THE CASE ............................................................................ 2

III. LEGAL STANDARD ........................................................................................ 3

IV. LEGAL ARGUMENT ....................................................................................... 4

    A.    THE "NEW MOTOR VEHICLE" PROVISIONS IN THE SONG BEVERLY ACT DO NOT OFFER PROTECTIONS FOR USED VEHICLES SUCH AS PLAINTIFF'S ................................................... 4

    B.    PLAINTIFF HAS NO VALID IMPLIED WARRANTY CLAIMS .... 8

V. CONCLUSION .................................................................................................. 11

iv

NOTICE OF MOTION AND MOTION OF DEFENDANT BMW OF NORTH AMERICA, LLC FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alves v. Mercedes-Benz USA, LLC*,
  No. CV233049MWFRAOX, 2023 WL 5207492 (C.D. Cal. July 10, 2023) .................................................................................................. 7, 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ...................................... 3

*Body Xchange Sports Club, LLC v. Zurich Am. Ins. Co.*,
  648 F. Supp. 3d 1205 (E.D. Cal. 2022), appeal dismissed, No. 23-15111, 2023 WL 3124956 (9th Cir. Mar. 3, 2023) .......................................... 3, 4

*U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys.*,
  637 F.3d 1047 (9th Cir. 2011) ............................................................................. 3

*Chavez v. United States*,
  683 F.3d 1102 (9th Cir. 2012) ............................................................................. 3

*Dagher v. Ford Motor Co.*
  (2015) 238 Cal. App. 4th 905 .............................................................................. 6

*Dworkin v. Hustler Magazine, Inc.*,
  867 F.2d 1188 (9th Cir. 1989) ............................................................................. 3

*Hindsman v. Gen. Motors LLC*,
  No. 17-cv-05337-JSC, 2018 WL 2463113 (N.D. Cal. Jun. 1, 2018) .................... 9

*Jensen v. BMW of North America, Inc.*
  (1995) 35 Cal.App.4th 112 .............................................................................. 6, 8

*Johnson v. Nissan N. Am., Inc.*
  (N.D. Cal. 2017) 272 F. Supp. 3d 1168 ........................................................... 6, 9

*Kiluk v. Mercedes-Benz USA, LLC*
  (2019) 43 Cal.App.5th 334 .............................................................................. 6, 9

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
  519 F.3d 1025 (9th Cir. 2008) ............................................................................. 3

*In re MyFord Touch Consumer Litigation*,
   291 F.Supp.3d 936 (N.D. Cal. 2018) ....................................................................... 9

*Nunez v. FCA US LLC*,
   61 Cal.App.5th 385,398 ............................................................................... 8, 9, 10

*Pineda v. Nissan N. Am., Inc.*,
   No. CV 22-239-DMG, 2022 WL 2920416 (C.D. Cal. July 25,
   2022) ........................................................................................................................ 7

*Rodriguez. v. FCA US, LLC*
   (2022) 77 Cal. App. 5th 209 ........................................................ 1, 5, 6, 7, 8, 10

*Victorino v. FCA US LLC*,
   326 F.R.D. 282 (S.D. Cal. 2018) ........................................................................... 9

**Statutes**

*Civ. Code* § 1795.5 ............................................................................................. 6, 8, 9, 10

**Rules**

Fed. R. Civ. P. 12(b)(6) ........................................................................................................ 3

Fed. R. Civ. P. 12(c) ............................................................................................................. 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

This is a "lemon law" case concerning the purchase of a **used** 2018 BMW 440i Gran Coupe, VIN WBA4J5C52JBF07300 (the "Subject Vehicle") by Plaintiff Marisol Williford ("Plaintiff") from BMW of Bakersfield. Defendant BMW of North America, LLC ("BMW NA") is the distributor of the vehicle and did not participate in the transaction. Plaintiff sues BMW NA for violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act" or the "Act") which only applies to purchasers of a "**new motor vehicle**". Plaintiff admits in her Complaint that the Subject Vehicle was **sold used**. Dkt 1, Complaint ¶2. Further, Plaintiff admits that the warranty was not issued by the selling dealership - BMW of Bakersfield. Dkt 1, Complaint ¶¶ 1-2. Plaintiff alleges that BMW NA issued a written warranty. Dkt 1, Complaint ¶1. Accordingly, all of Plaintiff's claims fail and the Complaint should be dismissed with prejudice.

When a plaintiff buys or leases a used vehicle, the "new motor vehicle" provisions of the Song-Beverly Act do not impose obligations on, or create remedies against, the vehicle's manufacturer or distributor. *Rodriguez. v. FCA US, LLC* (2022) 77 Cal. App. 5th 209, 220. The Court in *Rodriguez* confronted the question whether the phrase "other motor vehicle sold with a manufacturer's new car warranty" in Song-Beverly's definition of "new motor vehicle" covers sales of previously owned vehicles with some balance remaining on the manufacturer's express warranty. The court said, "[w]e conclude it does not and that the phrase functions instead as a catchall for sales of **essentially new vehicles** where the applicable **warranty was issued with the sale**." *Id.* at 215. (Emphasis added.) Here, it is undisputed that Plaintiff's car was not "essentially new" when purchased, and the warranty that Plaintiff alleges BMW NA violated was not "issued with the sale" to Plaintiff, but rather was issued when the vehicle was new by BMW NA. As such, Plaintiff's Song-Beverly claims fail.

1

NOTICE OF MOTION AND MOTION OF DEFENDANT BMW OF NORTH AMERICA, LLC FOR
JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES

## II. Statement of the Case

On April 11, 2019, Plaintiff purchased the **used** Subject Vehicle from BMW of Bakersfield with 4,880 miles on the odometer. Declaration of Jim Leyendecker ("Leyendecker Decl.") ¶¶ 1-3 and Ex. "A" – Motor Vehicle Retail Installment Contract – California ("Contract")[2]. Under paragraph 2 titled "Vehicle", the box for "Used" is checked and the box for "New" is unchecked. *Id*.



Further, Paragraph 12A titled Warranties provides:

> I understand that you are not offering any express warranties unless you have given a written warranty to me. If you extend, or the Vehicle's manufacturer extends, a written warranty or service contract covering the Vehicle within 90 days from the date of this Contract, I get implied warranties of merchantability and fitness for a particular purpose cover the Vehicle. If not, you specifically disclaim any implied warranties of merchantability and fitness for a particular purpose covering the Vehicle.

The vehicle originally had a four year/50,000 mile coverage. BMW NA provided no additional warranty when Plaintiff purchased the used vehicle as it did not participate in the sale.

On October 14, 2022, Plaintiff sued BMW NA for Violation of the Song-Beverly Act – Breach of Express Warranty, Breach of Implied Warranty and Section 1793.2. Plaintiff admits that the Subject Vehicle was used. Dkt 1, Complaint ¶2. Further, Plaintiff admits that the warranty was issued by BMW NA when the Subject Vehicle was new and not the selling dealership (BMW of Bakersfield) at the time of sale. Dkt 1, Complaint ¶¶ 1-2.

/ / /

/ / /

---

[2] BMW NA requests that the Contract be incorporated by reference as discussed more fully below.

### III. Legal Standard

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (brackets and internal quotation marks omitted). Like a motion to dismiss under Rule 12(b)(6), a motion under Rule 12(c) challenges the legal sufficiency of the claims asserted in the complaint. *Id.* A Rule 12(c) motion is "functionally identical" to a Rule 12(b)(6) motion, and courts apply the "same standard." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) (explaining that the "principal difference" between Rule 12(b)(6) and Rule 12(c) "is the timing of filing"); *see also U.S. ex rel. Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011).

Judgment on the pleadings should be entered when a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). For purposes of ruling on a Rule 12(c) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

As with 12(b)(6) motions, federal courts may consider documents that are referred to, or the subject of, the complaint, even if not attached to the complaint so long as there is no dispute as to their authenticity. The Court in *Body Xchange Sports Club, LLC v. Zurich Am. Ins. Co.*, 648 F. Supp. 3d 1205, 1210–11 (E.D. Cal. 2022) noted:

> Even where judicial notice is not appropriate, on a motion for judgment on the pleadings, the Court may consider "material which is properly submitted as part of the

complaint" or incorporated by reference into the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Special Dist. Risk Mgmt. Auth. v. Munich Reinsurance Am., Inc.*, 562 F. Supp. 3d 989, 994 (E.D. Cal. 2021) (applying the incorporation by reference doctrine to a motion for judgment on the pleadings). <u>Documents are properly incorporated into the complaint "in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.</u>" *Coto Settlement*, 593 F.3d at 1038; *see also United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011).

*Body Xchange Sports Club, LLC v. Zurich Am. Ins. Co.*, 648 F. Supp. 3d 1205, 1210–11 (E.D. Cal. 2022), appeal dismissed, No. 23-15111, 2023 WL 3124956 (9th Cir. Mar. 3, 2023) (emphasis added).

Plaintiff does not attach the Motor Vehicle Retail Installment Contract – California to the Complaint which is the agreement for purchase of the used Subject Vehicle. BMW NA respectfully requests that this Court incorporate the agreement by reference because the Complaint necessarily relies upon the agreement, the document's authenticity is not in question as it is the agreement between Plaintiff and the dealer, and there are no disputed issues as to the document's relevancy because it establishes that the Subject Vehicle was sold used and there was no new warranty "issued with the sale". Leyendecker Decl. ¶¶1-3 and Ex. "A".

**IV. Legal Argument**

Plaintiff's claim for violations of the Song-Beverly Act fail to state a claim upon which relief can be granted because the Subject Vehicle is not a "new motor vehicle" and a new warranty was not issued with the sale.

**A. The "new motor vehicle" provisions in the Song-Beverly Act do not offer protections for used vehicles such as Plaintiff's.**

Plaintiff's express warranty claims under the Song-Beverly Act (asserting a duty on the part of BMW NA to repurchase or replace the vehicle if a substantial

1  impairment could not be repaired within a reasonable number of attempts) depend on
2  Plaintiff's ability to prove that the vehicle was a "consumer good" purchased by
3  Plaintiff as a "new motor vehicle" within the meaning of the Act.  On this issue, the
4  holding of *Rodriguez. v. FCA US, LLC* (2022) 77 Cal. App. 5th 209 is persuasive
5  authority.

6  　　　In *Rodriguez*, the plaintiffs sued FCA claiming that their pickup truck, which
7  they bought with over 55,000 miles on it from a used car dealership, was a "lemon"
8  with unfixable defects.  *Id.* at 215.  They argued that they were entitled to enhanced
9  statutory remedies under the "lemon law" (Song-Beverly Act), including the right to
10 demand that the manufacturer—which was not involved in the plaintiff's sales
11 transaction—repurchase the truck after many years of use, refunding the plaintiffs'
12 purchase price.  *Id.* at 215-16.  The trial court granted FCA's summary judgment
13 motion, finding that the truck was not a "new motor vehicle" under the Act's
14 definition of that term.  Plaintiffs were thus not entitled to the refund-or-replace
15 remedy applicable only to new motor vehicles.  *Id.* at 216.

16 　　　The Court of Appeal affirmed the order granting summary judgment.  *Id.* at p.
17 225.  While the Act's definition of "new motor vehicle" includes new dealer-owned
18 vehicles, demonstrators, and other essentially new "motor vehicle[s] sold with a
19 manufacturer's new car warranty" that may have seen some usage before being sold
20 for the first time to a consumer, the definition was not reasonably subject to the
21 construction urged by the plaintiffs, under which all used vehicles that came with the
22 remainder of the original owner's warranty would be deemed a "new motor vehicle."
23 *Id.* at 219-20.  The court found support for its analysis in the Act's plain language
24 and structural framework as well as the Act's legislative history.  *Ibid.*

25 　　　While the court held that a used car buyer is not entitled to the enhanced
26 statutory refund-or-replace remedy against a non-seller manufacturer, a used car
27 buyer has similar statutory rights against the used vehicle seller to the extent of any
28 breach of a warranty that was newly issued in connection with that buyer's sale.

*Id.*at 222 (*citing Civ. Code* § 1795.5).  In so holding, the *Rodriguez* court distinguished an earlier case—*Jensen v. BMW of North America, Inc.* (1995) 35 Cal.App.4th 112, 123 (Jensen)— that shows by contrast how the Legislature has distinguished between the treatment of new or "essentially new" vehicles carrying a full manufacturer's warranty on one hand, and used vehicles whose owners have rights only under the remaining balance of the manufacturer's original warranty. (*Rodriguez, supra*, at 224-25.)  As *Rodriguez* explained, *Jensen* involved a car that had briefly been registered to an entity affiliated with the manufacturer, and was then purchased by a consumer who responded to a newspaper ad offering leases of "demonstrator" vehicles.  The manufacturer-affiliated dealer told the buyer that the vehicle, with only about 7,500 miles in it, was a demonstrator (technically, it was not), and the dealer issued a full new-car warranty along with the buyer's lease.  On those facts, the manufacturer was bound to recognize the car as one falling within the definition of a "new motor vehicle."

The *Jensen* court did not address the situation of a vehicle that had only the balance of a new car warranty, rather than a full warranty issued in conjunction with the sale to the current owner.  *Rodriguez* said that any dictum in *Jensen* suggesting that holding might apply more broadly did not properly reflect the scope of the statute, agreeing with other authorities in their reading of Jensen.  *Id.* at 224-25. [*Rodriguez* agreed with *Dagher v. Ford Motor Co.* (2015) 238 Cal. App. 4th 905 in concluding that *Jensen* "must be read in light of the facts then before the court" and "limited in that respect," and *Rodriguez* agreed with *Kiluk v. Mercedes-Benz USA, LLC* (2019) 43 Cal.App.5th 334, 339-340 as questioning the notion that "every car sold with any portion of a new-vehicle warranty remaining" must be considered a "new motor vehicle," when in fact that term more logically is limited to "cars originally sold with a new motor vehicle warranty, not subsequent sales"]; *see* also *Johnson v. Nissan N. Am., Inc.* (N.D. Cal. 2017) 272 F. Supp. 3d 1168 [cited with approval in *Rodriguez*: ruling that the only way the plaintiff would be entitled to the

Act's express warranty remedy was if she pursued that remedy against the seller, based on the seller's extension of a warranty to the plaintiff who bought the used car].)

The California Supreme Court has granted review of *Rodriguez. v. FCA US, LLC* (2022) 77 Cal. App. 5th 209. In granting review, the California Supreme Court declined to de-publish the opinion and held that:

> Pending review, the opinion of the Court of Appeal, which is currently published at 77 Cal.App.5th 209, 292 Cal.Rptr.3d 382, may be cited, not only for its persuasive value, but also for the limited purpose of establishing the existence of a conflict in authority that would in turn allow trial courts to exercise discretion under *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 456, 20 Cal.Rptr. 321, 369 P.2d 937, to choose between sides of any such conflict.

*Rodriguez v. FCA US*, 512 P.3d 654 (Cal. 2022).

Courts in nearly identical cases have dismissed cases and held that Plaintiffs lack standing to bring a breach of express warranty claim because their used vehicles do not meet the definition of a "new motor vehicle" under the Song-Beverly Act. The Court in *Alves v. Mercedes-Benz USA, LLC*, No. CV233049MWFRAOX, 2023 WL 5207492, at *6 (C.D. Cal. July 10, 2023), concluded that the *Rodriguez* opinion is persuasive and joined in the majority of federal district courts in adopting its holding.  The *Alves* Court noted:

> In the brief time since *Rodriguez* was decided, federal district courts have consistently followed its reasoning. *See, e.g., Cheyenne*, 2023 WL 3604318, at *4 ("This court finds the reasoning in *Rodriguez* persuasive and adopts it here."); *Pineda v. Nissan N. Am., Inc.*, No. CV 22-239-DMG (JCx), 2022 WL 2920416, at *3 (C.D. Cal. July 25, 2022) ("This [c]ourt ... agrees with the statutory analysis in *Rodriguez*, and holds Plaintiff's claim barred because he did not purchase a "new motor vehicle."); *Barboza v. Mercedes-Benz USA*, LLC, No. CV 22-0845-AWI-CDB, 2022 WL 17978408, at *3 (E.D. Cal. Dec. 28, 2022) ("[T]he [c]ourt agrees with these cases and the reasoning of *Rodriguez*."); *Fish v. Tesla, Inc.*, No. SACV 21-060-PSG (JDEx), 2022 WL 1552137, at *11 (C.D. Cal. May 12, 2022) (adopting the analysis from *Rodriguez*); *Neyra v. Mercedes-Benz USA, LLC*, No. CV 22-950-JFW (JEMx), 2022 WL 19432589, at *2 (C.D. Cal. May 24, 2022) ("The

> [c]ourt thus concludes that under *Rodriguez* ... Plaintiffs' used vehicle does not meet the definition of a 'new motor vehicle' "); *Edwards v. Mercedes-Benz USA, LLC*, No. 21-2671-RSWL-JCx, 2022 WL 5176869, at *3 (C.D. Cal. Oct. 5, 2022) (applying *Rodriguez's* interpretation of when SBA protections encompass used vehicles); *Arana v. Tesla Motors, Inc.*, No. 22-CV-08664-RGK (JCx), 2023 WL 1796956, at *2 (C.D. Cal. Feb. 7, 2023) ("This [c]ourt ... agrees with the statutory analysis in Rodriguez.").

*Alves v. Mercedes-Benz USA, LLC*, No. CV233049MWFRAOX, 2023 WL 5207492, at *5 (C.D. Cal. July 10, 2023) (emphasis added).

The present case is not materially distinguishable from *Rodriguez*. It is undisputed that Plaintiff purchased the Subject Vehicle used and did not receive a new full warranty at the time of sale since BMW NA was not a party to the transaction. Notwithstanding the fact that *Jensen* was decided in 1995, Plaintiff cannot cite any California precedent extending *Jensen* to find a used car to be a "new motor vehicle" for purposes of an action based upon facts like those here. Simply put, and unsurprisingly, the obligations a distributor owes to used car purchasers are not coextensive with those owed to new car purchasers. The Legislature specifically outlined different remedies available to purchasers/lessors of used cars, creating special statutory rights as against the sellers in appropriate circumstances (*see, Rodriguez*, *supra*, at 222 [citing *Civ. Code* § 1795.5]), while reserving to consumers their full contractual rights under the balance of any prior owner's express warranty that may be in place at the time a vehicle malfunctions. As such, the Song-Beverly Act does not apply to the Subject Vehicle, Plaintiff's claims fail entirely and BMW NA respectfully requests that the Complaint be dismissed with prejudice.

### B. Plaintiff has no valid implied warranty claims.

As a matter of law, Plaintiff's breach of the implied warranty claim fails "because in the sale of used consumer goods, liability for breach of implied warranty lies with distributors and retailers, not the manufacturer, where there is no evidence the manufacturer played any role in the sale of the used car to plaintiff." *Nunez v.*

*FCA US LLC*, 61 Cal.App.5th 385,398. As the Court of Appeal in *Nunez* succinctly stated:

> It is evident from these provisions that only distributors or sellers of used goods--not manufacturers of new goods--have implied warranty obligations in the sale of used goods. (See § 1795.5.) As one court has put it, the Song-Beverly Act provides similar remedies (to those available when a manufacturer sells new consumer goods) "in the context of the sale of used goods, except that the manufacturer is generally off the hook." *Kiluk v. Mercedes-Benz USA, LLC*, 43 Cal.App.5th 334, 339, 256 Cal.Rptr.3d 484 (2019), citing § 1795.5; *see id*. at p. 337, 256 Cal.Rptr.3d 484 [Song-Beverly Act "generally binds only distributors and retail sellers in the sale of used goods"].)

*Id*. at 399.

Several other courts have reached the same conclusion as *Nunez*, holding that a purchaser of a used vehicle from a third party used car dealer cannot sue the original manufacturer for breach of implied warranty of merchantability. *See, e.g., Johnson v. Nissan N. Am., Inc.*, 272 F.Supp.3d 1168, 1178-79 (N.D. Cal. 2017) ["[w]hile CarMax may have extended express and implied warranties to [plaintiff], the Act only creates obligations on behalf of CarMax, not on behalf of Nissan."]; *In re MyFord Touch Consumer Litigation*, 291 F.Supp.3d 936, 950 (N.D. Cal. 2018) [dismissed the implied warranty claim under Song-Beverly with respect to class members who purchased used vehicles; *Hindsman v. Gen. Motors LLC*, No. 17-cv-05337-JSC, 2018 WL 2463113, *14 (N.D. Cal. Jun. 1, 2018) ["the distributor or retailer is liable for the sale of used products, not the original product manufacturer"]; *Victorino v. FCA US LLC*, 326 F.R.D. 282, 300-01 (S.D. Cal. 2018) [held the manufacturer was not liable under section 1795.5 for used vehicle sales, even though the used vehicles were purchased with some remaining manufacturer new car warranty.]

Here, Plaintiff's implied warranty claim arises from the purchase of the used Subject Vehicle. While Plaintiff alleges that BMW NA is a "manufacturer" and/or "distributor" under the Act, there are no allegations that BMW NA sold, distributed

or was otherwise involved in the sale of the used Subject Vehicle. Instead, Plaintiff refers to the "selling dealership" which is identified as BMW of Bakersfield in the Contract, not BMW NA. Under the Court of Appeal's binding decision in *Nunez* and the plain meaning of *Cal Civ. Code* § 1795.5, there was no implied warranty provided by BMW NA to Plaintiff for the Subject Vehicle when she purchased it as a used vehicle from the "selling dealership".

In addition, "Section 1795.5 governs the obligations 'of a distributor or retail seller of used consumer goods' in a sale in which an express warranty is given." *Nunez,* 61 Cal.App.5th at 399 [emphasis added]. "[A] hallmark of the Act is that its consumer protections apply against the party who sold the product to the buyer and issued the express warranty." *Rodriguez*, 77 Cal. App 5th. In this case, the balance of the new car warranty that transferred to Plaintiff, as the subsequent purchaser of the Subject Vehicle, did not arise out of the sale of the used car, but instead arose from the initial transaction when the Subject Vehicle was a brand-new vehicle. Under the Court of Appeal's binding decision in *Nunez* (which was cited with approval in *Rodriguez*), there was no implied warranty provided by BMW NA to Plaintiff for the Subject Vehicle when it was purchased because there was not a new express warranty that was given or provided in connection with or that arose out of Plaintiff's purchase when the Subject Vehicle was used. Any argument to the contrary would be factually inaccurate and legally meritless.

Moreover, the language of 1795.5 is clear that it applies only to distributors of used consumer goods and retail sellers of used consumer goods. Therefore, even if BMW NA is a distributor, there are no allegations anywhere in the Complaint that BMW NA distributed, sold or leased the Subject Vehicle to Plaintiff while it was used. Instead, BMW NA distributed the Subject Vehicle when it was new. BMW NA had no involvement with the Subject Vehicle as a used vehicle as part of the sale to Plaintiff, nor does Plaintiff allege any such involvement by BMW NA. Accordingly, for all the reasons set forth above, Plaintiff has no valid claim for

breach of an implied warranty for the Subject Vehicle against BMW NA because no implied warranty was ever provided.

### V. Conclusion

For the foregoing reasons, BMW NA respectfully requests that the Motion be granted and that the Complaint be dismissed with prejudice because: (1) the used Subject Vehicle is not a "new motor vehicle" under the Song-Beverly Act; and (2) a new full warranty was not issued at the time of sale because BMW NA was not a party to the transaction.

Dated: November 30, 2023

CLARK HILL LLP

By: _____
Brian M. Hom
Georges A. Haddad
Brian Wagner
Vanesa Dao
Catherine Y. Song
Christopher D. Higashi
Attorneys for Defendant
BMW OF NORTH AMERICA, LLC